■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD F. WALLACE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 30, 1970 on resentence. Appeal dismissed. It appears that no notice of appeal was timely served or filed. In any event, we have examined the merits of the appeal and, had an appeal been taken timely, we would have affirmed the judgment. (See *People* v. *Bennett*, 35 A D 2d 1000, affd. 29 N Y 2d 494.) Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPHINE PELLE-GRINO, Respondent, v. FRANCES KATSAR et al., Appellants.— In a habeas corpus proceeding with respect to custody of petitioner's eight-year-old son, the appeal is from an order of the Family Court, Kings County, dated August 3, 1971. A prior interim order had been made by the Supreme Court, Kings County, dated December 22, 1970, referring the proceeding to the Family Court and granting temporary custody of the child to appellants, with two-hour periods of visitation on Saturdays and Wednesdays to petitioner at appellants' home. The order under review modified said prior order of the Supreme Court so as to grant visitation to both parents of the child, at or away from appellants' home, for three hours on Saturdays, subject to certain conditions. Permission to appeal from the order of the Family Court is hereby granted. Order reversed, without costs, and petitioner's application to modify the order of the Supreme Court denied. In our opinion it was an improvident exercise of discretion to modify the visitation provisions ordered by the Supreme Court in view of petitioner's past conduct, an apparent inability on the part of her husband to control her actions at times, and a failure of proof that circumstances had changed since the date of the Supreme Court's order so as to adversely affect the welfare of the child (cf. *Gould* v. *Gould,* 261 App. Div. 904). Our determination is, of course, without prejudice to the issues to be determined after trial, which, as of the time of the making of the order under review, was scheduled for September 17, 1971. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.